## KRAEGER v. WARNOCK et al.

(Supreme Court, Appellate Division, First Department. March 6, 1903.)

1. RELEASE OF INJUNCTION—BOND—APPEAL—ACQUIESCENCE IN ORDER—WAIVER.

 In a suit for dissolution of a partnership and for an accounting, on a motion by plaintiff for continuance of an injunction the parties consented to a judgment for dissolution and accounting, and on motion by defendant an order for judgment and accounting, and giving defendant the right to liquidate the business, was entered. The order also contained a provision dissolving the injunction and releasing the parties to the injunction bond. Subsequently defendant took possession of the property and proceeded to liquidate. *Held* that, under the circumstances, an appeal by defendant from so much of the order as released the parties to the bond from liability would be dismissed.

Appeal from Special Term, New York county.

Action by Oscar H. Kraeger against James Warnock and another. From so much of an order as released plaintiff and his sureties from liability on an injunction bond given by them, defendants appeal. Dismissed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Carlton B. Pierce, for appellants.
Alonzo G. McLaughlin, for respondent.

INGRAHAM, J. The action was commenced to dissolve a copart-nership and for an accounting. At the commencement of the action the plaintiff obtained an ex parte injunction, upon which was given an undertaking, in the sum of $1,000, to pay such damages as the defendants might sustain by reason of the injunction if the court should finally decide that the plaintiff was not entitled thereto, which order required the defendant to show cause why the injunction should not be continued and a receiver appointed. The defendants answered the complaint, admitting the copartnership, denying certain other allegations, and demanding judgment for a dissolution of the copartnership and an accounting, and served upon the plaintiff an offer to allow judgment dissolving the copartnership and for an accounting. There then followed negotiations for a settlement of the litigation, and the purchase by the defendants of the plaintiff's interest in the copartnership. These negotiations appear to have been fruitless, when the plaintiff brought on the motion to continue the injunction and for a receiver. Upon that motion coming on to be heard at Special Term, the court, upon motion of counsel for the defendants—the counsel for the plaintiff having consented in open court to accept the offer of judgment—dissolved the injunction order, canceled the undertaking given upon obtaining the injunction, released the surety and the plaintiff from liability thereon, and allowed the defendants to liquidate the business of the copartnership upon giving, a bond in the penalty of $2,500, conditioned for the faithful performance of their trust in liquidating said business. The defendants appeal from so much of the order as cancels the undertaking and relieves the sureties. With this appeal there was also submitted a motion made by the plaintiff to dismiss the appeal. By the motion papers it appears that on October 2, 1902, the defendants availed themselves of the provisions of this order which allowed them to liquidate the business of the firm, and filed the bond required by the order; that on the 3d of October, 1902, judgment was entered upon the offer of judgment in the order recited, dissolving the copartnership, and embodying in such judgment the provisions of the order directing the defendants to liquidate the business of the copartnership; that thereupon the defendants took control of the business, and have ever since been in possession of the assets thereof; that subsequently the defendants made an agreement with the plaintiff whereby the defendants purchased all the fixtures in the place of business of said firm, and its lease of the premises used by the firm; that a copy of the interlocutory judgment entered was served upon the defendants on the 3d day of October, 1902; and that since that time the defendants have been acting under it.

I think this appeal should be dismissed. The order, upon its face, is entered on motion of the defendants' attorney. It has been accepted by the parties as the order determining the motion to continue the injunction and for a receiver; and the defendants have, under its provisions, and the provisions of the interlocutory judgment entered in pursuance thereof, obtained possession of the property of the copartnership, and are proceeding to liquidate the business. While we may assume that the undertaking should not have been canceled

if the defendants had opposed the insertion of that provision in the order, it was granted on their motion, gave them substantial rights, and vested in them the power of liquidating the firm business, and denied both the plaintiff's motion for a receiver and to continue the injunction. The defendants could not accept the benefits of the order, and at the same time appeal from that portion of it which vacated the undertaking.

It follows that the appeal must be dismissed, with $10 costs and disbursements. All concur.